PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-MC-00155-WBS-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,200.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about May 23, 2017, law enforcement agents with the U.S. Postal Inspection Service ("USPIS") seized Approximately $9,200.00 in U.S. Currency (hereafter the "defendant currency").

2. The USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 21, 2017, the USPIS received a claim from Richard Anderson ("Anderson") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 23, 2017, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The

package was addressed to Johnny Holmes ("Holmes"), 741 High St., Oroville, California, 95965, with the following return address: Richard Anderson Jr., 11910 Upper Hollow, Houston, TX 77067.

4. The United States represents that it could further show at a forfeiture trial that on May 23, 2017, law enforcement agents traveled to the recipient address and spoke with Johnny Holmes. Law enforcement agents spoke with Holmes, who told agents he was not expecting a parcel and that he did not know a Richard Anderson in Houston, Texas. Holmes gave consent to law enforcement agents to open the parcel and agents found the defendant currency concealed in a jumbo cotton ball bag inside the parcel. Holmes disclaimed knowledge and ownership of the defendant currency.

5. The United States represents that it could further show at a forfeiture trial that on May 24, 2017, Anderson called law enforcement officials regarding the parcel sent to Holmes. Anderson told agents it was supposed to be a surprise to Holmes and it was for a vacation to Texas and Louisiana. Anderson told law enforcement agents Holmes was his nephew and recently suffered a stroke. Anderson said he had spoken to Holmes, who told Anderson the package was seized by law enforcement. Anderson said Holmes lied about not knowing Anderson because he was scared.

6. For the purposes of this settlement only, claimants do not contest the United States' representation that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, potential claimant Richard Anderson specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant Anderson agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Anderson hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, potential claimant Anderson shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as

this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

    10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

    11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

    1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

    2. Upon entry of the Consent Judgment of Forfeiture, $5,200.00 of the Approximately $9,200.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

    3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $9,200.00 in U.S. Currency shall be returned to potential claimant Richard Anderson.

    4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Potential claimant Anderson waives the provisions of California Civil Code § 1542.

    5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

    6. All parties will bear their own costs and attorney's fees.

    7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause

1 for the seizure of the above-described defendant currency.

2    IT IS SO ORDERED.

3 Dated: December 28, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE